Bodie v. Smith                                                                                                                    Doc. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV124-MU-02

| | |
|---|---|
| LEROY BODIE,  )  <br>    Petitioner,  )  <br> )  <br>        v.  )  <br> )  <br>ROBERT SMITH, Supt.,  )  <br>  Maury Correctional  )  <br>  Institution, <u>et al.</u>,  )  <br>    Respondents.  )  <br>_____) | ORDER |

**THIS MATTER** comes before the Court on the petitioner's Petition for a Writ of <u>Habeas Corpus</u>, filed November 13, 2007. For the reasons stated herein, the petitioner's Petition will be <u>dismissed</u> as untimely filed.

### I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

According to the Petition, on August 20, 1998, a jury convicted the petitioner of Statutory Sexual Offense; Taking Indecent Liberties with a Minor; two counts of Statutory Rape; and First Degree Kidnaping. Consequently, on that occasion, the Superior Court of Iredell County sentenced the petitioner to a total sentence of "more than 513 months" imprisonment.

The petitioner appealed his case to the North Carolina Court of Appeals. However, on March 21, 2000, the State appellate Court issued an unpublished opinion, finding "no error" in the

petitioner's case. See North Carolina v. Bodie, No. 99-280 (N.C.App. March 21, 2000). Next, the North Carolina Supreme Court denied the petitioner's Petition for a Writ of Discretionary Review. See North Carolina v. Bodie, No 142P00 (N.C. May 4, 2000), and the petitioner did not seek certiorari review at the U.S. Supreme Court.

Rather, after waiting several years, on April 3, 2006, the petitioner filed an unsuccessful "'Petition For Plain Error Review . . .'" at the North Carolina Court of Appeals. Then, about one year later, on June 6, 2007, the petitioner filed a Motion for Appropriate Relief, not in the Superior Court of Iredell County, but in the North Carolina Court of Appeals. Not surprisingly, however, that Motion also was denied. Thereafter, on June 18, 2007, the petitioner filed a second Motion for Appropriate Relief. However, that Motion was filed in the appropriate Superior Court. Nevertheless, on July 5, 2007, the petitioner's Motion was denied, and his final Petition for Certiorari was denied by the State Court of Appeals on August 16, 2007.

Undaunted, the petitioner came to this Court on November 13, 2007 and filed the instant undated Habeas Petition under 28 U.S.C. §2254. By that Petition, the petitioner essentially claims that his sentences were imposed in violation of the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000); that his sentences were imposed in violation of the Fifth Amendment's Double Jeopardy Clause; that counsel was ineffective for his alleged failure to

challenge the petitioner's sentences at trial, and to explain the petitioner's appellate rights; and that otherwise unspecified "State Courts" violated his right to an appeal when, at some point, those "Courts denied his pro-se request" for an appeal.

Notwithstanding his contentions to the contrary, however, the undersigned has determined that the instant Petition was filed well beyond the applicable limitations period. Therefore, this Petition must be summarily <u>dismissed</u>.

## II. <u>ANALYSIS</u>

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through

the exercise of due diligence. However, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As was noted above, the instant Petition reflects that the petitioner sustained his multiple convictions and sentences on August 20, 1998; and that those matters were affirmed on appeal on March 21, 2000. Furthermore, the petitioner sought discretionary review at the State Supreme Court, but that Petition was denied on May 4, 2000. However, the petitioner did not seek certiorari review at the United States Supreme Court. Therefore, pursuant to the holding of Clay v. United States, 537 U.S. 522, 527 (2003), the petitioner's convictions and sentences became final no later than August 3, 2000--that is, at the expiration of the 90-day period during which he could have (but did not) seek certiorari review in the U.S. Supreme Court. See See Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); and Harris v. Hutchinson, 209 F.3 325, 328 (4th Cir. 2000) (same). See also 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").

Based upon those calculations, therefore, the petitioner had

up to and including August 3, 2001 in which to file the instant Petition. Obviously, the petitioner did not file this Petition by that date.

Instead, the petitioner allowed nearly 5 years to elapse after the passage of that deadline before he initiated his unsuccessful collateral challenges in the North Carolina Courts. Indeed, assuming arguendo that the petitioner's so-called "Petition For Plain Error Review," which he filed in the State Court of Appeals, was a properly filed pleading from which the beginning of his collateral review can be calculated, such fact is of little consequence in this case. That is, the petitioner's one-year limitations period already had expired several years before he even began his pursuit of collateral review. Therefore, the petitioner's pursuit of collateral review simply was too little too late for the purposes of this Court's calculations. In fact, this Court is not even obliged to acknowledge the petitioner's initiation of collateral review inasmuch as those matters were filed well beyond the 10-day period provided under North Carolina law. See N.C.G.S. 15A-1411 et seq.

No doubt, the petitioner was aware that his Petition likely would be construed as time-barred.[1] Thus, in response to the form-

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas forms to comply with Hill. The new forms now include a section which

Petition's inquiry concerning the timeliness of this filing, the petitioner attempted to articulate three reasons why his Petition should be deemed timely filed.

In particular, the petitioner first contends that because N.C.G.S. §15A-1411(b) allows defendants "to seek direct review at anytime," his case "did not become final until NC Court of Appeals entered its final order on 16 August 2007"; and that he, therefore, had one year from that date to file this Petition.  Second, the petitioner illogically contends that "the State Courts denied [his] appeal of right . . . . Therefore, the direct appeal as to [his] sentences has not yet become final."  Last, the petitioner argues that another State statute allows defendants "to bring a Jurisdiction [sic] issue at anytime, meaning that the availability to seek direct review does not become final until the State Courts enter final Order."  Therefore, the petitioner reiterates that he had one year from August 16, 2007 in which to bring this Petition.

However, the petitioner's three contentions all fail.  Specifically, §15A-1411 merely provides for a 10-day period in which to properly file a Motion for Appropriate in the Superior Court.  That provision does authorize defendants to file direct appeals at anytime as the petitioner claims.  Further, if the

---

directs the petitioner to address the "timeliness of [his/her] motion."  In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion."  Accordingly, given the fact that the petitioner was prompted to address the timeliness of his Petition, no further warning is required for him.

petitioner's sentences have "not yet become final" as he contends, he has no right to proceed with this action, as his claims are not yet fully exhausted. Additionally, even if there is a State statute which allows defendants to bring jurisdictional challenges at anytime, such provision simply cannot render the instant claims--which do not relate to jurisdiction, in any event--timely filed in this Court.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is only allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, the petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the petitioner.

### III. CONCLUSION

The petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Petition for Writ of Habeas Corpus, filed November 13, 2007, is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: November 20, 2007

Graham C. Mullen
United States District Judge